**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Ripa, | No. CV-13-01612-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Federal National Mortgage Association, et al., | |
| Defendants. | |

On October 21, 2013, the Court granted Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).  Doc. 27.  Defendants Wells Fargo Bank, N.A. and Federal National Mortgage Association have moved for an award of attorney's fees pursuant to Rule 54(d)(2), seeking fees for claims against them arising out of contract under A.R.S. § 12-341.01(A).  Doc. 33.  The motion has been fully briefed.  Docs. 36, 38.  The Court will grant the motion.

## I.    Legal Standard.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A).  Under Arizona law, the trial court has discretion regarding awarding attorneys' fees.  *See Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). Courts consider: (1) the merits of the unsuccessful party's claim, (2) whether the successful party's efforts were completely superfluous in achieving the ultimate result,

(3) whether assessing fees against the unsuccessful party would cause extreme hardship, (4) whether the successful party prevailed with respect to all relief sought, (5) whether the legal question presented was novel or had been previously adjudicated, and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997); *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc); *Uyleman v. D.S. Rentco*, 981 P.2d 1081, 1086 (Ariz. Ct. App. 1999).  No single factor is determinative – the court should weigh all factors in exercising its discretion. *See Wilcox*, 744 P.2d at 450.

**II.    Analysis.**

**A.    Appropriateness of Awarding Fees.**

Plaintiff contends that the "non-contract claims," including the consumer fraud claims, statutory violation claims, negligent misrepresentation, and negligent supervision claims, are not tied to the contract.  Doc. 36 at 3-4.  Defendants respond that all of Plaintiff's claims depend, explicitly or implicitly, on a contractual relationship between the parties because they all related to the Note and Deed of Trust.  Doc. 38 at 4.  Where a defendant allegedly breaches a duty that would not exist but for the contract, those claims are found to arise in contract.  Doc. 34 at 2-3; *see Assyia v. State Farm Mut. Auto. Ins. Co.*, 273 P.3d 668, 672-73 (Ariz. Ct. App. 2012).  Plaintiff asserted two breach of contract claims in this case, and the Court finds that the remaining claims arose of out of contract.  Therefore, the Court will individually consider the six factors outlined above.

**1.    Whether the Claims had Merit.**

The Court dismissed all fourteen of Plaintiff's claims.  Doc. 27.  Plaintiff asserts that the claims should not have been dismissed, but he does not explain the reason for his assertion.  Doc. 36 at 7.  This factor favors Defendants.

**2.    Whether Defendants' Efforts were Superfluous.**

Plaintiff contends that Defendants made no offer to resolve the matter.  *Id.* at 3. Defendants respond argue that during the pendency of the motion to dismiss, they

reached out to Plaintiff's counsel regarding potential settlement options and Plaintiff never responded.  Doc. 34 at 6; Exhibit D.  Plaintiff has not shown that Defendants could have avoided this litigation.  This factor favors Defendants.

**3.      Whether Imposition of Fees would be a Hardship for Plaintiff.**

Plaintiff does not contend that imposition of fees would be a hardship.  "[T]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship."  *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990).  Plaintiff has failed to meet this burden.  This factor favors Defendants.

**4.      Whether Defendant Succeeded with Respect to All Relief.**

The Court granted Defendants' motion to dismiss (Doc. 27) and entered judgment in favor of Defendants (Doc. 30).  Because Defendants prevailed on all claims, this factor favors Defendants.

**5.      Whether Legal Issues were Novel.**

Defendants contend that the legal issues were not novel and that many of the same issues in the complaint had been pled and rejected in this court.  Doc. 34 at 7; see *Raup v. Wells Fargo Bank, NA*, No. CV-13-00137-PHX-GMS, 2013 WL 3216175 (D. Ariz. June 25, 2013).  Plaintiff does not contend that the legal issues were novel; he only notes that in *Raup*, the court did not dismiss all claims.  Doc. 36 at 6.  The Court agrees with Defendants that the legal issues were not novel.  This factor favors Defendants.

**6.      Whether a Fee Award would Discourage Meritorious Litigation.**

Defendants contend that an award of attorneys' fees would protect against "groundless, yet time-consuming suits."  Doc. 34 at 8.  Defendants argue that Plaintiff's counsel, who was also counsel for plaintiffs in *Raup*, was aware of the pleading deficiencies in the complaint but proceeded to pursue his claims.  *Id.* at 7-8.  Therefore, Defendants contend that an award of fees would enforce the principle that "a plaintiff should not proceed on meritless claims in contract actions."  *Id.* at 8.  Plaintiff does not argue that a fee would discourage meritorious litigation.  This factor favors Defendants.

/ / /

1    In sum, the Court finds that all six factors favor Defendants and that an award of

2    fees is appropriate.

3    **B.    Reasonableness of Requested Fees.**

4    Defendants request a total of $16,686.60 in fees.   Doc. 34 at 1-2.   Plaintiff

5    contends that the only work completed in this matter involved the dismissal of the claims,

6    and that "it is unconscionable" that "this amount should be charged for a case that went

7    no further than a Rule 12 Motion."   Doc. 36 at 7.   Local Rule 54.2(f) states that a

8    memorandum in opposition to a motion for an award of attorney's fees "shall identify

9    with specificity all disputed issues of material fact and shall separately identify each and

10   every disputed time entry or expense item."   LRCiv 54.2(f).   Plaintiff has not specifically

11   identified a single disputed expense.

12   Defendants discuss the factors used to determine reasonable attorneys' fees as

13   outlined in *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983),

14   including (1) the qualities of the advocate, (2) the character of the work, including its

15   difficulty and importance, (3) the work actually performed, including the skill, time and

16   attention given to the work, and (4) the result.   Doc. 34 at 8.   Defendants contend that the

17   work performed was "necessary to respond and defend against claims in this action," and

18   the number of hours expended was reasonable because they were earned by performing

19   services that "would have been undertaken by a reasonable and prudent lawyer to

20   advance or protect his client's interests."   Doc. 34 at 9.   Defendants further contend that

21   the average billing rate was equal to $174.86 per hour, which is similar to or lower than

22   rates charged by other Phoenix law firms.   *Id.* at 10.   Defendants also note that their

23   attorneys have a combined total of more than seven years of experience representing

24   banks and other financial institutions, and the paralegal's rates were justified because the

25   paralegal "works regularly with members of the firm's financial services litigation

26   subgroup in a litigation support role."   *Id.*   Plaintiff does not address any of these issues.

27   The Court finds the hourly rates charged by Defendants' legal team to be

28   reasonable for the Phoenix market and for attorneys of the skill and experience needed

for a case such as this.  The Court also finds the time records provided by defense counsel to be sufficiently detailed, and the hours incurred in defending this case to be reasonable. Having considered the record as a whole and the relevant fee award factors, *see Warner*, 694 P.2d at 1184, the Court finds the requested fee award to be reasonable and appropriate.    *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award).

IT IS ORDERED that Defendants' motion for attorneys' fees (Doc. 33) is **granted**.  Defendants are awarded attorneys' fees and non-taxable expenses against Plaintiff in the amount of $16,686.80.

Dated this 23rd day of April, 2014.

David G. Campbell
United States District Judge